# EXHIBIT "B"



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, DC 20410-0500

OFFICE OF GENERAL COUNSEL

December 13, 2022

Steven E. Hoffman, Esq.
Counsel for Zenia Browne
Hoffman Hlavac & Easterly
1605 North Cedar Crest Blvd., Suite 517
Allentown, PA 181
shoffman@hhe-law.com

    Subject:  <u>Final Agency Action in OIG Case Number 2022SU0011449C</u>

Dear Mr. Hoffman:

    This letter is to inform you that the U.S. Department of Housing and Urban Development (HUD) has completed its review of the whistleblower retaliation complaint submitted by your client, Ms. Zenia Browne, under the National Defense Authorization Act of 2013 (NDAA), codified at 41 U.S.C. § 4712.[1]

    In accordance with the NDAA, the HUD Office of Inspector General investigated the allegations contained in Ms. Browne's complaint and delivered a final Report of Findings to HUD's Secretary for consideration on November 3, 2022. After a review of the Report of Findings and additional materials submitted by counsel for Lutheran Manor of the Lehigh Valley, Inc. (Lutheran Manor), the Secretary has determined that Ms. Browne's complaint of retaliation is not actionable under the provisions of 41 U.S.C. § 4712. The provisions of the statute are only applicable to contracts awarded on or after July 1, 2013, or to pre-existing contracts that are modified to include a clause applying the statute. The Housing Assistance Payments (HAP) contract at issue predates the enactment of 41 U.S.C. § 4712 and has not been modified to incorporate the statute. HUD is therefore not authorized to direct relief to Ms. Browne under Section 4712(c)(1).[2]

    Pursuant to Section 4712(c)(2), Ms. Browne is now deemed to have exhausted all administrative remedies with respect to her complaint. If Ms. Browne disagrees with HUD's decision, she may proceed with a *de novo* action at law against Lutheran Manor in the appropriate federal district court. Should Ms. Browne elect to pursue such an action, it must be filed within two years from the date of this letter.

---

[1] For the purposes of its review, HUD has presumed without deciding that Ms. Browne was an employee of a covered entity under 42 U.S.C. § 4712(a)(1).
[2] Because HUD cannot grant the relief sought under the statute, HUD does not make any final determinations concerning the merits of Ms. Browne's allegations or Lutheran Manor's available defenses.

    If you have any questions regarding this letter, please email Thomas P. Swanton of my office at thomas.p.swanton@hud.gov.

                            Sincerely,

                            DANA NARODE

*Digitally signed by: DANA NARODE*
*DN: CN = DANA NARODE C = US O = U.S. Government OU = Department of Housing and Urban Development, Office of General Counsel*
*Date: 2022.12.13 13:00:53 -05'00'*

Dane Narode
Associate General Counsel for Program Enforcement
U.S. Department of Housing and Urban Development
1250 Maryland Avenue SW
Suite 200
Washington, DC 20024